JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 11-0037 AG (MLGx)** | Date | August 30, 2012 |
|---|---|---|---|
| Title | NITA MARTIN v. WELLS FARGO BANK, et al. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|

**Proceedings:**   **[IN CHAMBERS] ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

Plaintiff Nita Martin ("Plaintiff") originally filed this foreclosure-related lawsuit in state court in December 2010.  After various amendments over the last year and a half, the current pleading is Plaintiff's Third Amended Complaint ("TAC").  The Court has previously dismissed all but three claims in the TAC.

The Court now has two motions before it.

First, Defendants Wachovia Mortgage Corporation ("Wachovia") and Wells Fargo Bank, N.A. ("Wells Fargo") (collectively "Defendants") have filed a Motion for Summary Judgment ("Motion for Summary Judgment") against those three remaining claims.

The Court has delayed ruling on Defendants' Motion for close to a month.  Over Defendants' strenuous objections, the Court continued the hearing several weeks to allow Plaintiff additional time to oppose the Motion.  Plaintiff has now filed a very late Opposition, which the Court has nevertheless considered. On August 6, 2012, this Court

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 11-0037 AG (MLGx)** | Date | August 30, 2012 |
|---|---|---|---|
| Title | NITA MARTIN v. WELLS FARGO BANK, et al. | | |

held a hearing on this Motion, which Plaintiff attended. During the hearing, Plaintiff addressed the Court at length. After the hearing, the Court gave Plaintiff further time to file additional papers. Defendants have inquired whether the Court will hold a second hearing on this matter. Given the extensive briefing and the lengthy hearing, the Court is now prepared to rule on the Motion for Summary Judgment. A second hearing is not needed.

The Court GRANTS the Motion for Summary Judgment.

Second, Plaintiff filed a Motion for Reconsideration ("Motion for Reconsideration") of this Court's September 27, 2011 decision to dismiss her claims for Fraud and for Intentional Infliction of Emotional Distress ("IIED"). The Court finds that Plaintiff does not meet the standard for reconsideration. But even if the Court were to consider Plaintiff's evidence, it still would not alter this Court's decision.

The Court DENIES Plaintiff's Motion for Reconsideration.

**BACKGROUND**

In May 2006, Plaintiff refinanced her home ("Property"), obtaining a $250,000 loan ("Loan") with World Savings Bank ("World Savings"). (Defendant's Statement of Uncontroverted Facts ("DUF") ¶ 1.) World Savings later became Wachovia, which was purchased by Wells Fargo.

Around March 2009, Plaintiff defaulted on her Loan payments. (Defendant's Request for Judicial Notice "RJN," Ex. 2); (TAC ¶ 22.) Wells Fargo purchased the Property at the trustee's sale on October 7, 2010 for $186,000 and recorded a Trustee's Deed Upon Sale on October 10, 2010. (SUF ¶ 5.) At the time of the sale, Plaintiff's outstanding debt was approximately $285,000, and the Property had a negative net value of $99,000. (SUF ¶ 6.)

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 11-0037 AG (MLGx)** | Date | August 30, 2012 |
|---|---|---|---|
| Title | NITA MARTIN v. WELLS FARGO BANK, et al. | | |

In November 2010, Wells Fargo filed an unlawful detainer action against Plaintiff. (SUF
¶ 7.)  On February 24, 2011, judgment in that action was entered against Plaintiff.  (SUF
¶ 9.)

**PRELIMINARY MATTERS**

Each party objected to the other sides' Motions for failing to provide proper notice.  The
Court continued the hearing on both Motions, giving each side ample time to prepare.
The objections are overruled.

Defendants filed a Request for Judicial Notice to support their Motion for Summary
Judgment.  The documents for which they seek notice fall into three categories: court
filings related to the foreclosure, Plaintiff's TAC in this action, and jury instructions.
Under Federal Rule of Evidence 201, "[a] judicially noticed fact must be one not subject
to reasonable dispute in that it is either (1) generally known within the territorial
jurisdiction of the trial court or (2) capable of accurate and ready determination by resort
to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201.  Courts
may take judicial notice of "undisputed matters of public record," but generally may not
take judicial notice of "disputed facts stated in public records."  *Lee v. City of Los
Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (emphasis in original).  The court filings
related to the foreclosure meet the requirements of Rule 201, and are thus appropriate for
judicial notice.  But the Court may consider Plaintiff's TAC, which is part of the filings in
this case, without taking judicial notice.  Likewise, the Court may consider the jury
instructions as relevant legal authority without resorting to Rule 201.

**MOTION FOR SUMMARY JUDGMENT**

The only three remaining claims in the TAC all concern Wells Fargo's alleged
misrepresentations to Plaintiff, assuring her that she "would be able to stay in her home
through Short Sale opportunities."  (TAC ¶ 40.)

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 11-0037 AG (MLGx)** | Date | August 30, 2012 |
|---|---|---|---|
| Title | NITA MARTIN v. WELLS FARGO BANK, et al. | | |

Specifically, Plaintiff claims that "Defendants falsely stated on or about August 31, 2010 to Plaintiff that her property would not be foreclosed upon during review of supplemental [short sale] material." (TAC ¶ 55.)  Then, "in mid-September 2010," Wells Fargo allegedly sent Plaintiff a letter stating that "no foreclosure will be conducted and you will not lose your home during this 30-day period (or any longer period required for us to review supplemental material you may provide us in response to this Notice)." (TAC ¶ 41.)  In another offer, allegedly received "in or around the end of September 2010," Plaintiff was allegedly informed that "closing on *any short sale before October 29, 2010 would prevent foreclosure.*" (TAC  ¶ 42) (emphasis in original).  Finally, Plaintiff asserts that a Wells Fargo asset recovery manager, Darlene Lapeere ("Lapeere"), orally "promised Plaintiff that her home would not be foreclosed upon so long as she participated in a short sale of her home." (TAC ¶ 43.)

## 1.     WELLS FARGO COMMUNICATIONS WITH PLAINTIFF

Wells Fargo now submits evidence regarding its alleged communications with Plaintiff.

Wells Fargo (then operating as Wachovia) sent Plaintiff four letters "incentive" letters encouraging her to participate in Wells Fargo's short sale program.  (SUF ¶ 22.)  Each letter states: "Hurry–to take advantage of this Short seller incentive, the closing must take place by," and then lists a date.  On the last of the four letters, the date listed was October 29, 2010.  Each incentive letter also states that "[i]f a foreclosure sale is in process with your property, this correspondence does not in any way postpone the foreclosure sale date. Wachovia may choose to postpone the foreclosure process or sale once you have provided a fully executed sales contract and the short sale has been approved by Wachovia and all required parties in writing." (SUF ¶ 22.)

Wells Fargo also sent Plaintiff at least three letters regarding the pending foreclosure.

First, Wells Fargo sent Plaintiff a letter dated August 31, 2010 regarding Defendants'

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 11-0037 AG (MLGx)** | Date | August 30, 2012 |
|---|---|---|---|
| Title | NITA MARTIN v. WELLS FARGO BANK, et al. | | |

final decision to deny Plaintiff a modification under the Home Affordable Modification Program.  The letter states: "You have 30 calendar days from the date of this notice to contact Wachovia Mortgage to discuss the reason for the non-approval. . . . Your loan my be referred to foreclosure during this time, and any pending foreclosure action may continue.  However, no foreclosure will be conducted and you will not lose your home during this 30-day period (or any longer period required for us to review supplemental material you may provide us in response to this Notice)."  (SUF ¶ 12).  Thus, the 30-day period expired on September 30, 2010–seven days before Wells Fargo foreclosed.

Second, Wells Fargo sent Plaintiff a letter dated September 1, 2010, informing her of the "final decision" that she was ineligible under the Mortgage Assistance Plan modification program.  (SUF ¶ 13.)

Third, Wells Fargo sent Plaintiff a letter dated September 7, 2010, reiterating that her modification request had been denied and stating: "Please note that during our review of the situation, we suspended the foreclosure process.  The foreclosure process against the property will now resume."  (SUF ¶ 14.)

Defendant also submits testimony from agent Lapeere.  Lapeere testifies that she does not recall promising Plaintiff that she could stay in the property home through October 29, 2010 while she attempted a short sale. (Declaration of Lapeere, "Lapeere Decl." ¶ 2.)  She also states that she did not promise that Wells Fargo would postpone the foreclosure, and that she does not have the authority to make any such promise. (Lapeere Decl. ¶ 3).

Plaintiff did not submit any additional correspondence from Wells Fargo to support her Opposition.  The Court has compared Plaintiff's factual references regarding Wells Fargo's communications with the actual exhibits submitted by Defendants.  Those references are consistent with the letters submitted by Defendants.  Thus, the Court is satisfied that Wells Fargo has accurately portrayed its communications with Plaintiff, and there are not missing material pieces of correspondence.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 11-0037 AG (MLGx)** | Date | August 30, 2012 |
|---|---|---|---|
| Title | NITA MARTIN v. WELLS FARGO BANK, et al. | | |

**2.      WHETHER ANY OF WELLS' FARGO STATEMENTS WERE MISLEADING**

The evidence undermines Plaintiff's assertions that Wells Fargo told her that it would not foreclose until October 29th.  Rather, Wells Fargo simply informed Plaintiff that any short sale must take place by October 29, 2010 to take advantage of the short sale incentives.  This was *not* an offer to hold off on foreclosure until that date.  In fact, Wells Fargo told Plaintiff that "[i]f a foreclosure sale is in process with your property, this correspondence does not in any way postpone the foreclosure sale date."  (SUF ¶ 22.)

Lapeereconfirms that she never orally told Plaintiff that Wells Fargo would not foreclose pending a short sale, and in fact had no authority to make any such oral promise.  Plaintiff does not submit evidence demonstrating that she completed the short sale process before Wells Fargo foreclosed.  Even if she had, Wells Fargo still had the discretion to halt foreclosure.  (*See* SUF ¶ 22) ("Wachovia may choose to postpone the foreclosure process or sale once you have provided a fully executed sales contract and the short sale has been approved by Wachovia and all required parties in writing.").

Thus, the only period during which Wells Fargo promised that foreclosure would not occur ended on September 30, 2010.  Although foreclosure would not occur until after that date, Wells Fargo specifically informed Plaintiff that the foreclosure process had resumed on September 7, 2010.  (SUF ¶ 14.)  Foreclosure finally took place on October 7, 2010.  This date was consistent with Wells Fargo's representations.  And Plaintiff remained in her home, without rent or payment, until the summer of 2011. (SUF ¶ 20.)

Based on this evidence, the Court concludes that none of Wells Fargo's statements to Plaintiff regarding the short sale were misleading.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 11-0037 AG (MLGx)** | Date | August 30, 2012 |
|---|---|---|---|
| Title | NITA MARTIN v. WELLS FARGO BANK, et al. | | |

The Court GRANTS Defendants' Motion for Summary Judgment.


**MOTION FOR RECONSIDERATION**

Plaintiff submits a Motion for Reconsideration, asking this Court to reconsider its
September 27, 2011 decision to dismiss Plaintiff's Intentional Fraud regarding loan
modification claim, and to dismiss her IIED claim.  The Court previously dismissed the
claim of Intentional Fraud because Plaintiff's allegation that Lapeere told her that she
"would" get a loan modification was not a representation that Plaintiff had already
qualified.  The Court dismissed the IIED claim because it found that Defendants' decision
to foreclose despite the specific circumstances of Ms. Martin's case is not outrageous.
Because the Court had already dismissed those claims (Plaintiff failed to oppose the first
Motion to Dismiss), the Court dismissed the claims without leave to amend.

The basis for Plaintiff's Motion for Reconsideration is six new emails that she only
recently located.  Plaintiff asserts that these emails constitute a "material difference in fact
from that which was presented to the Court before such decision was made to dismiss[.]"
(Mot. 2:8-9.)  Plaintiff claims that these emails now establish that Defendants knew that
Plaintiff was elderly, disabled, and severely distraught over the serious illness of her son
at the time that they foreclosed.  Because they knew of her fragile condition, the decision
to foreclose was outrageous.

Before reaching the merits, the Court considers whether reconsideration is appropriate.
"Under Rule 59(e), a motion for reconsideration should not be granted, absent highly
unusual circumstances, unless the district court is presented with newly discovered
evidence, committed clear error, or if there is an intervening change in the controlling
law."  *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (citing
*School Dist. No. 13 v. ACANDS, Inc*., 5 F.3d 1255, 1263 (9th Cir. 1993)).  Under Local
Rule 7-18, the moving party must demonstrate that the newly-discovered evidence

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 11-0037 AG (MLGx)** | Date | August 30, 2012 |
|---|---|---|---|
| Title | NITA MARTIN v. WELLS FARGO BANK, et al. | | |

presents "a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decisions[.]"

Applying this standard, it is clear that reconsideration is not warranted here because there is no reason why Plaintiff could not have previously located these emails in the exercise of reasonable diligence.  These emails were readily available in her email folders.  Indeed, Plaintiff attached other emails exchanged with Wells Fargo to her December 10, 2010 complaint, to her December 2010 application for a temporary retraining order, and to the TAC.  (*See* Notice of Removal (Dkt. No. 1), Exs, A and B); (TAC, Ex. 3).  Those previously-submitted emails were sent to and from the same email address listed on the six emails that Plaintiff now claims she just located.  Those earlier emails also fall within the same time period as the six emails Plaintiff only recently located.  The Court understands that Plaintiff has been distraught during the two-year pendency of this action, as are many plaintiffs.  That fact does not excuse Plaintiff from her duty to exercise reasonable diligence in prosecuting this case.  Plaintiff's lapse here is particularly egregious, as Plaintiff delayed close to one year in searching for any such emails.

But even if the Court were to consider the emails, they would not provide sufficient reason to reconsider its previous decision to dismiss the claims.  Extrinsic evidence such as emails are generally not admissible on a Motion to Dismiss.  *See, e.g., Cooper v. Pickett*, 137 F.3d 616, 622 (9th Cir. 1998) (quoting *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994)) ("In ruling on a motion to dismiss, a district court generally 'may not consider any material beyond the pleadings.'").  Plaintiff provides no reason why that general rule would not apply here.

Further, the content of the emails do not add anything substantive to the Complaint.  In the dismissed complaint, Plaintiff repeatedly alleged that Defendants knew that Plaintiff was elderly, disabled, and severely distraught over the serious illness of her son at the time that they foreclosed.  But that is not enough to find that Defendants' foreclosure

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 11-0037 AG (MLGx)** | Date | August 30, 2012 |
|---|---|---|---|
| Title | NITA MARTIN v. WELLS FARGO BANK, et al. | | |

efforts were outrageous.  Indeed, the principal case that Plaintiff cites in her Opposition states that "a collector who happens to demand payment in a rude and insolent manner is not liable *unless* other factors are present, such as knowledge that the debtor is susceptible to emotional distress by reason of some physical or mental condition."  *Bundren v. Superior Court*, 145 Cal. App.3d 784, 789 (1983) (emphasis added).  Thus, "major outrage is essential to the tort; and the mere fact that the [defendant] knows that the [plaintiff] will regard the conduct as insulting or . . . hurt[ful] is not enough."  *Id.*, fn. 7 (citing Restatement of Torts, 2d, Comment F.).  The other cases cited by Plaintiff confirm this rule.  *See, e.g., Dawson v. Associates Financial Services Co. of Kansas, Inc.,* 215 Kan. 814, 825 (D. Kan. 1974) (collector used "threatening" tactics to collect debt from woman with multiple sclerosis); *Christensen v. Swedish Hospital*, 59 Wash. 2d 545, 549 (1962) (defendant wilfully, maliciously and intentionally threatened plaintiffs with criminal prosecution for stopping payment on check, with full knowledge of the age and extreme poor physical condition of both plaintiffs).

Here, Plaintiff's allegations do not support a finding that Defendants were rude or insolent in their collections efforts.  Plaintiff's opposition to the Motion to Dismiss also fails to provide any such facts.  Indeed, the materials submitted along with the Motion for Summary Judgment confirm the opposite – that Defendant timely informed Plaintiff of the status of its foreclosure process, and appears to have been solicitous of the impact of foreclosure on Plaintiff.

The Court is sympathetic to the impact of foreclosure on Plaintiff, especially considering her other circumstances.  Unfortunately, there is no legal remedy for this difficult experience.

The Court DENIES the Motion for Reconsideration.

**<u>DISPOSITION</u>**

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 11-0037 AG (MLGx)** | Date | August 30, 2012 |
|---|---|---|---|
| Title | NITA MARTIN v. WELLS FARGO BANK, et al. | | |

The Court GRANTS the Motion for Summary Judgment.

The Court DENIES the Motion for Reconsideration.

Defendants may submit a final proposed judgment within 14 days of this Order becoming final.

:     0

Initials of
Preparer                    lmb